## LYON vs. CHAPPELLE.[*]

*Fourth Judicial District Court, September, 1857.*

ATTACHMENT UNDERTAKINGS—ACTION ON DAMAGES.

In an action against the sureties on an undertaking, given upon the issuing of an attachment, the proof of damages should be limited to the costs and expenses incurred, and such actual damages as are the natural and proximate results of the authoritative acts done under the writ, sustained by being deprived of the use of property, or from its loss, deterioration, or destruction.

Damages, in consequence of injury to credit and reputation are not liabilities imposed upon the sureties, and such proof is inadmissible.

*B. S. Brooks,* for Plaintiff.

*Janes, Lake & Boyd,* for Defendant.

On motion for a new trial.

[*] See ante p. 111.

HAGER, J.—The action is upon a statuatory undertaking, given by the defendant, in a suit against these plaintiffs upon obtaining a writ of attachment against their property, in which, upon a discontinuance, judgment was entered in favor of these plaintiffs.

In support of this motion, the only ground relied upon is error, in refusing to allow plaintiffs to prove, as damages, injury to their credit and reputation as merchants, by reason of the attachment and levy.

In specified cases our practice act (§120) provides that the plaintiff, in an action, may have the property of defendant attached as security for the satisfaction of any judgment that may be recovered, unless the defendant give security to pay such judgment. Upon issuing the writ, the plaintiff in the action is required (§122) to give an undertaking in a sum to be fixed in each case, with sureties, to the effect that if the defendant recovers judgment, the plaintiff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking. The attachment is not executed if the defendant gives an undertaking, with sureties, in an amount sufficient to satisfy the plaintiff's demands and costs (§123).

These statutes are remedial in their character, and any party, whether or no it be necessary to secure his debt, if he thinks fit, may avail himself of their provisions; and although, sometimes they may operate with great hardship and oppression, yet, in expounding them, if the object and intent of the Legislature is clear, it is the duty of the court to advance and sustain them.

If the attachment is procured in good faith, and a party only avails himself of such remedy as the law allows, he and his sureties can only be held answerable upon the undertaking, however great may be the damages to the credit and reputation of the defendant in the suit, to the extent of the liability imposed by, and for such as are embraced in, the condition of the undertaking. The defendant may always prevent the levying the writ by giving the undertaking specified in (§123), in which case no other damages will follow, except such as result from an ordinary suit.

If he does not do this, and recovers judgment, he can sue upon plaintiff's undertaking and recover all damages sustained by reason of the attachment.

In estimating these, the question is presented, should the proofs of plaintiff be confined to the costs and expenses incurred, and such actual damages as are the natural and proximate results of the authoritative acts done under the writ—to wit : such as necessarily result from the asportation, loss or destruction of the plaintiff's property, or his being deprived of its use ; or should he be permitted to show that his credit has been impaired, and his reputation as a merchant injured, in consequence of the issuing and levying this attachment ? It is hardly reasonable to suppose that the Legislature would grant a remedy with the view or intent of creating speculative liabilities against sureties required to be given in order to pursue that remedy. It is more reasonable to suppose that, in authorising this extraordinary remedy, surety was required to be given to protect and indemnify the defendant in attachment against legal acts done by authority of, and in command of, the writ.

Beyond these, it might be said, if the officer exceeds his duty, the remedy is against him : if the suit and attachment were malicious and without probable cause, in addition to prosecuting the undertaking, an action for malicious prosecution might be instituted, and damages could be claimed and recovered co-extensive with the injury; and as are peculiar to such actions ; but, by no analogies of the law can it be inferred, that the Legislature intended to impose such liabilities upon the sureties, or any other, except such as are the natural, necessary and proximate results of the legal execution of the writ. (See 8 B. Monroe, 51 and 160.) The proofs as to damages in those cases, besides costs and expenses, should be confined to the loss or injury sustained by being deprived of the use of property, or the loss, destruction, or deterioration of the property itself. New trial denied.